IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:15-CR-323 (MAD) |
| v. | GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM |
| CORY M. SADDLEMIRE, | |
| Defendant. | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, files this supplemental sentencing memorandum to address whether the Defendant's possession of two firearms lacking an interstate nexus should be considered as a sentencing-enhancing factor under section 2K2.1(b)(1) of the United States Sentencing Commission, *Guidelines Manual* (Nov. 2015) ("USSG").

**1.    Background**

The Presentence Investigation Report ("PSIR") prepared by the United States Probation Office on May 18, 2016 recommended application of USSG § 2K2.1(b)(1) and the resulting two-level enhancement to the defendant's adjusted offence level. *See* PSIR ¶ 14. As noted in the PSIR, a search of the defendant's apartment resulted in the recovery of four firearms, and this triggered the section 2K2.1(b)(1) enhancement, which calls for a two-level increase where a firearms offense involves between three and seven firearms. *Id.* The Government's Sentencing Memorandum likewise asserted the applicability of section 2K2.1(b)(1). *See* ECF No. 20 at 2.

As a felon, the defendant may not possess firearms, and is subject to federal prosecution to the extent that any firearm he possesses has a qualifying interstate nexus, which provides the

jurisdictional hook that brings the possession within the lawmaking authority of the United States Congress. New York State law also prohibits felons from possessing firearms, regardless of interstate nexus. N.Y. Penal Law §§ 265.01-.45 (McKinney 2013). While the two firearms charged in the indictment had a qualifying interstate nexus, the two additional firearms found in Defendant's possession did not. One was a Baker shotgun, and the other a Remington shotgun. Both were manufactured in New York State, and investigation revealed no positive evidence of interstate nexus or other basis for federal jurisdiction. Accordingly, these firearms were not charged in the indictment.

**2. Argument**

Defendant asserts in his Sentencing Memorandum that the Baker and Remington firearms may not be counted under section 2K2.1(b)(1) because they were not chargeable under federal law. Defendant relies principally on Application Note 5, which advises courts applying section 2K2.1(b) to "count only those firearms that are unlawfully . . . possessed." *See* ECF No. 21 at 5. This argument fails. Defendant's possession of the Baker and Remington shotguns was unlawful for purposes of section 2K2.1 because, notwithstanding the lack of federal jurisdiction, the substantive elements of the crime of being a felon in possession of a firearm were all met.

There is "a well-settled background rule," applicable for determining the existence of predicate offenses, distinguishing between substantive elements of a federal criminal statute, which describe the evil Congress seeks to prevent, and jurisdictional elements, which connect the law to one of Congress's enumerated powers. *See Torres v. Lynch*, 136 S. Ct. 1619, 1634 (U.S. 2016) (holding that a state offense may count as an aggravated felony triggering repercussions under federal immigration law where it has every element of a qualifying federal crime except the one establishing federal jurisdiction through interstate nexus). Here, Defendant does not

2

challenge the assertions that he possessed the Baker and Remington shotguns, and that such possession constitutes relevant conduct. The two firearms should be counted under section 2K2.1(b)(1) because the substantive elements of the prohibited conduct are met, such that the possession of those firearms by the Defendant would have been unlawful had the interstate nexus been present.

The Second Circuit case cited by Defendant also makes clear that the Remington and Baker shotguns should be counted because they were "unlawfully possessed" within the meaning of the substantive elements of the relevant criminal statute. That case makes clear that courts should count relevant conduct that could have been charged federally but for the lack of jurisdictional element. *See United States v. Ahmad*, 202 F.3d 588, 591-92 (2d Cir. 2000) (observing that for application of sentencing enhancements, "the mere absence of a jurisdictional hook—specifically, interstate commerce—was not relevant to the defendant's criminal responsibility") (internal quotation and citation omitted). In that case, the court declined to count the uncharged firearms because their possession was made unlawful under state laws "by virtue of facts that were *not* elements of the federal crime." *Id.* at 592 (emphasis supplied). The defendant there was not a "prohibited person," and possession of the additional, uncharged firearms was not otherwise proscribed by federal law. *Id.* In the case of Mr. Saddlemire, while the lack of interstate nexus barred federal prosecution for the Baker and Remington shotguns, it does not preclude counting his substantively unlawful possession of those firearms as relevant conduct under the sentencing guidelines. *See id.*

The Tenth Circuit decision cited by Defendant, although squarely contrary, provides no authority to part ways with the controlling principles articulated in *Torres* and *Ahmad*. Notably, the district court in that case counted as relevant conduct under section

3

2K2.1(b) the defendant's possession of a rifle that was not charged for lack of interstate nexus; however, on appeal the U.S. Attorney's Office took the position, along with the defense, that counting such a firearm was in error. *United States v. Campbell*, 372 F.3d 1179, 1181-82 (10th Cir. 2004). Thus, the decision of the appellate court reversing the district court's position does not provide a reliable treatment of the issue because it was not the product of robust adversarial briefing. Moreover, it is contrary to the controlling principles discussed above.

In *United States v. Jones*, an instructive Seventh Circuit decision, the defendant argued that absent evidence bringing his possession of a rifle within the authority of the federal government to prosecute, the district court could not consider it in calculating his offense level for the crimes with which he was charged. 625 F.3d 909, 909 (7th Cir. 2011). There, the defendant, convicted of being a felon in possession of a firearm, had received a two-level enhancement under section 2K2.1(b)(4) based on his possession of a rifle with an obliterated serial number. *Id.* His possession of that weapon was not charged as a separate offense because the government had no proof that the rifle had ever moved in interstate or foreign commerce. *Id.* Observing that "the ability to enhance one's sentence based on uncharged conduct does not turn on whether that conduct could have been prosecuted in federal court," *id.* at 917, the court found the enhancement appropriate because the law of the local jurisdiction—Illinois—prohibited the possession of a firearm by a convicted felon regardless of whether the firearm had any link to interstate or foreign commerce. *Id.* at 919. It is a factor worth noting that in New York, as well, the simple possession of a firearm by a convicted felon, such as Defendant, is proscribed. N.Y. Penal Law § 265.01 (McKinney 2013). However, the government does not believe that prohibition under state law is a prerequisite to finding relevant conduct in this context, in part because the applicability of federal sentencing guidelines across

4

the nation should not turn on the distinctions between what different states make illegal. It should be sufficient that the substantive conduct is proscribed under federal law and subject to prosecution in federal court but for a jurisdiction hook, as is the case with the Baker and Remington shotguns possessed by Defendant in this case.

**3.     Conclusion**

For these reasons, the Court should apply the sentencing guidelines as scored in the government's sentencing memorandum and the Presentence Investigative Report.

Respectfully submitted this 17th day of June, 2016.

                                                   RICHARD S. HARTUNIAN
                                                   United States Attorney

By:    s/ Solomon B. Shinerock
        Solomon B. Shinerock
        Assistant United States Attorney
        Bar Roll No. 519207

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2016, I caused the foregoing memorandum to be electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to Paul Evangelista, counsel of record for the defendant.

*s/ Solomon Shinerock*
